UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DENISE WADE | CIVIL ACTION NO. 16-cv-1290 |
| VERSUS | JUDGE FOOTE |
| MILLER STARK KLEIN & ASSOCIATES, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Denise Wade filed this putative class action against defendants who she alleged violated the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. The Defendants are Miller Stark Klein & Associates ("MSK"), Darryl Miller, and Ronald Hough. Plaintiff earlier obtained an entry of default against Mr. Hough. Doc. 20. MSK and Mr. Miller appeared through counsel and filed an answer (Doc. 13), and court issued scheduling deadlines.

The deadlines were later vacated to allow the parties time to attempt to resolve the case. Doc. 31. Several weeks later, counsel for MSK and Mr. Miller moved to withdraw, and the court granted that request. Docs. 35 and 36. The court strongly encouraged Mr. Miller to retain new counsel and granted him until November 10, 2017 to either (1) enroll new counsel or (2) file with the court a written statement that he intends to represent himself. The order warned that failure to take one of those steps by November 10 could result in the entry of a default judgment against Miller. The court advised MSK that, as a legal entity, it had to be represented by an attorney, and it was also granted until November 10, 2017 to

enroll new counsel. MSK was warned that failure to retain new counsel by the deadline could result in the entry of a default judgment against it. The court's order was mailed to the addresses provided by former counsel for Mr. Miller and MSK. The items have not been returned, so it appears that they were received.

The November 10, 2017 deadline has passed, and neither MSK nor Mr. Miller have enrolled new counsel, requested an extension of time, or taken any other action of record. Accordingly, the **answer (Doc. 13)** filed by MSK and Mr. Miller is **stricken**, and the Clerk of Court is directed to **enter a default** against those two defendants.

The entry of those defaults will result in all named defendants being defaulted. Plaintiff, if she wishes to pursue a judgment, is directed to file a motion for default judgment no later than **January 13, 2018**. The motion must be fully supported by affidavits, documentation, or other evidence sufficient to prove the validity of service of process, the liability of each defendant, and the amount of damages claimed. The motion shall be supported by a memorandum that explains the legal basis for liability and damages, and that states whether an evidentiary hearing is necessary under the rules explained in <u>Leedo Cabinetry v. James Sales & Distribution, Inc.</u>, 157 F.3d 410, 414 (5th Cir. 1998). The motion must be accompanied by a proposed judgment.

If plaintiff fails to take the steps required by this order, the complaint may be dismissed for failure to prosecute. If Plaintiff does not wish to pursue this matter, she should file a stipulation of dismissal or motion for voluntary dismissal.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of November, 2017.

                                                    Mark L. Hornsby
                                                  U.S. Magistrate Judge